# Richmond

GOLDIE STONE AND OTHERS v. COMMONWEALTH OF VIRGINIA.

December 6, 1943.

Record No. 2714.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Tom E. Gilman* and *James G. Martin & Son*, for the plaintiffs in error.

*Abram P. Staples, Attorney General,* and *G. Stanley Clarke, Assistant Attorney General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

This case originated in the lower court as a proceeding for the forfeiture of a bond given for the possession of a Plymouth automobile, which had been seized by an officer, who alleged that it was being used in the illegal transportation of ardent spirits, in violation of the Virginia Alcoholic Beverage Control Act (Code, sec. 4675(38a) Michie).

After the seizure of the automobile, Goldie Stone, a plaintiff in error and the owner, gave the required bond under the statute for $700 for the automobile, with James E. Seay and Bertha M. Seay, as sureties. The sheriff of the county, proceeding under the statute, had previously appraised the automobile at $600, and had so reported to the clerk of the court.

The case was tried by the court without the intervention of a jury and a judgment for $600 was rendered upon the bond against Goldie Stone and her sureties.

The sufficiency of the evidence to sustain the judgment of the court is challenged by the plaintiffs in error. No other point is relied upon.

Goldie Stone and her husband operated, in Norfolk county, the Enlisted Men's Club. Fentress, an investigator

for the Virginia Alcoholic Beverage Control Board, under the authority of search warrants, conducted a search of the premises and a Plymouth coupe at 11 o'clock P. M. on June 21, 1942. The premises consisted of one large building with cabins in the rear. The coupe was parked at the rear or kitchen door of the Club. It was locked but opened by the officer and searched. It was owned by Goldie Stone, one of the operators of the Club. In the Club proper, behind the bar, 4 pints of Calvert Special Whiskey were found, and there were empty glasses and whiskey bottles on the tables in the booths. There was a crowd in the Club at the time. All present were placed under arrest except Goldie Stone. She escaped before the search was completed by jumping through a window. On the next day she surrendered at the office of the sheriff.

The automobile was unoccupied. In it were found 27 pints of Calvert Special Whiskey, a like brand to that found in the bar of the Club; 4 pints of Old Plantation De Luxe Rum; 1 quart of American Gin, and ½ quart of Canadian Club Whiskey. All of the bottles bore the regular stamp of the Virginia Board except the bottle containing the Canadian Club. It was purchased in the District of Columbia. The spirits purchased from the stores of the Virginia Board were purchased, according to the stamps on the bottles, between June 4 and June 20, 1942.

Goldie Stone testified as to her ownership of the Club. She also admitted ownership of the Plymouth automobile. By way of explanation, she stated that she had loaned her automobile to her friend and visitor, Bessie Swedley, who, with relatives and friends, were preparing for a party at Virginia Beach that night. She also stated that Bessie Swedley had control of the automobile and had the keys to it when it was seized; that Bessie Swedley had been using it that day and night; that she knew nothing about the whiskey found in the automobile and had no interest in or connection with it.

Bessie Swedley corroborated the plaintiff in error in all material respects. She admitted that she borrowed the auto-

mobile from Goldie Stone and was planning for a party at Virginia Beach for friends and relatives. She testified that she had been using the automobile to accumulate the liquor which had been obtained at various homes to carry to Virginia Beach; that on their way they stopped at the Enlisted Men's Club and while there the raid took place; that she had the keys to the car and Goldie Stone had not operated the car that day and knew nothing of the liquor being in it. She stated that all of the liquor found in the car belonged to her party and that it did not exceed one gallon for each person in the party. She also testified that she parked the automobile at the kitchen door of the Club.

The foregoing was all of the evidence produced before the trial court. Was it sufficient to justify a forfeiture of the bond which had been given to take the place of the automobile and to warrant the entry of a judgment by the court against the maker of the bond and her sureties?

Obviously the trial court disregarded the testimony of Goldie Stone and Bessie Swedley as unworthy of belief and accepted as true that of the inspector who conducted the raid. His testimony and the reasonable inferences to be drawn therefrom, and the surrounding circumstances, we think, are sufficient to sustain the judgment. The trial court evidently concluded from the evidence that Goldie Stone and her husband were illegally dispensing ardent spirits in the Club, while transporting and keeping the source of supply in the automobile. One of the brands in the Club was identical with a brand in the car. This is significant. The other significant circumstances detailed in the evidence justify the inference that Goldie Stone was guilty. The circumstances tending to establish guilt conflict with her statements and that of Bessie Swedley.

A proper decision of this case depended upon the credibility of the witnesses and the weight to be given by the court to their testimony. The court, in its discretion, refused to accept the version of Goldie Stone, but instead grounded its finding upon the incriminating circumstantial

evidence and the reasonable inferences logically drawn from it.

■ ■ Under Code, section 6363 (Michie) this court has no power to set aside a judgment of the lower court unless it appears to be plainly wrong or is without evidence to support it, and where the case is submitted to the court without the intervention of a jury, as was done here, the findings of the trial judge are just as conclusive upon us as the verdict of a jury. *Martin* v. *Richmond, etc., R. Co.*, 101 Va. 406, 44 S. E. 695. See also annotation to Code, section 6363.

The judgment is affirmed.

*Affirmed.*